# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

ALEXANDER R. DEANDA,
on Behalf of Himself and Others Similarly Situated,

*Plaintiff-Appellee*,

v.                                                                         No. 23-10159

XAVIER BECERRA, in his official capacity
as Secretary of Health and Human Services;
JESSICA SWAFFORD MARCELLA, in her official
capacity as Deputy Assistant Secretary for Population
Affairs; UNITED STATES OF AMERICA,

*Defendants-Appellants.*

---

## SUGGESTION OF MOOTNESS AND MOTION FOR VACATUR

Plaintiff Alexander R. Deanda alleges that the Title X program is violating his rights as a parent of minor children by making voluntary family-planning services available to minors without requiring parental consent. We write to inform the Court that, based on information provided to the government by plaintiff during this litigation, the Department of Health and Human Services (HHS) believes that Mr. Deanda no longer has children under the age of 18. Consistent with "established practice," this Court should vacate the district court's judgment under *United States v. Munsingwear*, 340 U.S. 36, 39 (1950), and remand to the district court with instructions to dismiss this case as moot because plaintiff lacks any concrete, personal interest in

the resolution of this suit. Counsel for plaintiff has indicated that plaintiff opposes this motion and intends to file a response.

**1.** Plaintiff filed this suit in 2020 seeking prospective relief against HHS with respect to its administration of the Title X program. *See* ROA.10. In his complaint and at summary judgment, plaintiff asserted that he is the "father of three daughters under the age of 18" and that he wishes "to be informed if any of" his minor children "are accessing or attempting to access prescription contraception and other family-planning services." ROA.14; ROA.627. Plaintiff contends that HHS is violating his parental rights under Texas law and the Constitution by making voluntary contraception and other family-planning services available to minors under the Title X program without requiring parental consent. *See* ROA.10; ROA.11-12; ROA.16-17. The district court granted summary judgment in favor of plaintiff on December 8, 2022. ROA.729. This appeal is fully briefed, and oral argument was held in this Court on November 6, 2023.

**2.** As the government has explained (Opening Br. 19), plaintiff did not allege in his complaint the birthdates of his minor children and that information is not in the district court record. *See* ROA.14; ROA.627. In order to comply with the relief ordered by the district court, HHS has instructed Title X providers not to provide Title X services to plaintiff's minor children in a manner that is inconsistent with the district court's decision. *See* Opening Br. 49. Based on information provided to the government by plaintiff during this litigation in response to an interrogatory, HHS

believes that Mr. Deanda's children are no longer under the age of 18. Because plaintiff is no longer the parent of any minor child, this case is now moot and vacatur is appropriate.

    **a.** Article III of the Constitution limits the federal judicial power to "Cases" and "Controversies." U.S. Const. Art. III, § 2. The mootness doctrine is a component of this fundamental constitutional restriction. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 180 (2000). Thus, "[a]n actual case or controversy must exist at every stage in the judicial process." *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008); *see Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (recognizing the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate"). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016) (quotation marks omitted).

    Even setting aside the question whether plaintiff ever had standing to maintain this suit, *see* Opening Br. 19, he now undoubtedly lacks a concrete, personal interest in the resolution of the question whether Title X must require parental consent for contraception dispensed to minor children. Plaintiff alleges, for example, that the Title X program violates his rights under Texas state law, but that law provides Texas parents a right to consent to certain medical and dental care only for their minor children, which are those under the age of 18. *See* Tex. Fam. Code § 151.001(a)(6); *see*

3

*also id.* § 101.003 (defining "child" or "minor" to mean "a person under 18 years of age"). That law does not provide plaintiff any right to consent to his adult children's receipt of contraception. Plaintiff further contends that the Title X program violates his constitutional rights, but that theory, too, is premised on plaintiff's alleged substantive due process rights as a parent of minor children. *See* ROA.17; Resp. Br. 39-40. That plaintiff's suit is moot is only underscored by the relief sought. Plaintiff asked for prospective relief regarding his rights as a parent of minor children. *See* ROA.780-81; ROA.794. But plaintiff is no longer the parent of minor children and cannot benefit from any such relief.

Because plaintiff no longer has any concrete, personal interest in the Title X program's provision of services to minors without a requirement of parental consent, this case is moot.

**b.** Because this case became moot before it could be fully litigated on the merits, this Court should vacate the district court's judgment under *United States v. Munsingwear*, 340 U.S. 36, 39 (1950), and remand to the district court with instructions that the district court dismiss the case.

The "*Munsingwear* doctrine is an equitable one," which ensures that a losing party is not "denied the power to appeal an unfavorable judgment by factors beyond its control." *Goldin v. Bartholow*, 166 F.3d 710, 719 (5th Cir. 1999). Here, due to the ages of plaintiff's children and the passage of time—and not any action of the government—this case has become moot prior to the resolution of this appeal. The

equities favor vacatur in this circumstance, which would "clear[] the path for future relitigation of the issues" and "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 40-41; *see Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 327-28 (4th Cir. 2021) (recognizing that *Munsingwear* vacatur was appropriate where plaintiffs had aged out of relevant age restriction).

                                              Respectfully submitted,

                                              ABBY C. WRIGHT
                                              *s/ Courtney L. Dixon*
                                              COURTNEY L. DIXON
                                                 (202) 353-8189
                                               *Attorneys, Appellate Staff*
                                              *Civil Division*
                                              *U.S. Department of Justice*
                                              *950 Pennsylvania Ave., NW, Rm. 7243*
                                              *Washington, DC 20530*

JANUARY 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal rule of Appellate Procedure 27(d)(2)(A) because it contains 981 words. The motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

/s/ *Courtney L. Dixon*
Courtney L. Dixon

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Courtney L. Dixon*
COURTNEY L. DIXON