# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

───────────────────────────────

ALEXANDER R. DEANDA,
on Behalf of Himself and Others Similarly Situated,

      *Plaintiff-Appellee*,

      v.                                        No. 23-10159

XAVIER BECERRA, in his official capacity
as Secretary of Health and Human Services;
JESSICA SWAFFORD MARCELLA, in her official
capacity as Deputy Assistant Secretary for Population
Affairs; UNITED STATES OF AMERICA,

      *Defendants-Appellants.*

───────────────────────────────

## REPLY TO PLAINTIFF'S RESPONSE TO SUGGESTION OF MOOTNESS AND MOTION FOR VACATUR

In response to an interrogatory served during the course of the district court litigation, plaintiff stated that his children's birthdates are July 31, 2003; December 28, 2004; and January 20, 2006. According to these dates, plaintiff is no longer the parent of any minor child. The government therefore moved this Court to vacate the district court's decision because the case is moot. When asked for his position on the government's motion, plaintiff's counsel did not inform the government that the birthdates previously provided were incorrect, and the government filed its motion.

In his opposition to the government's suggestion of mootness, plaintiff now attaches a declaration stating that his children's birthdates are, in fact, July 31, 2003;

January 20, 2005; and December 28, 2006. After filing the opposition, plaintiff's counsel informed government counsel in an email on February 1, 2024, that the birthdates provided to the government in the original interrogatories were wrong. Plaintiff provided government counsel "corrected answers" stating that the birthdates of plaintiff's children are July 31, 2003; January 20, 2005; and December 28, 2006.

    Neither the declaration filed in this Court nor the updated interrogatory responses attached any supporting documentary evidence, and the government does not have an independent basis to confirm the birthdates at issue, which bear on the continuing jurisdiction of the Court in this appeal from final judgment. Were the Court to determine that plaintiff is still the parent of a minor child, the government would withdraw its mootness argument.

                    Respectfully submitted,

                    ABBY C. WRIGHT
                    *s/ Courtney L. Dixon*
                    COURTNEY L. DIXON
                       (202) 353-8189
                     *Attorneys, Appellate Staff*
                     *Civil Division*
                     *U.S. Department of Justice*
                     *950 Pennsylvania Ave., NW, Rm. 7243*
                     *Washington, DC 20530*

FEBRUARY 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal rule of Appellate Procedure 27(d)(2)(A) because it contains 245 words. The motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Courtney L. Dixon*
Courtney L. Dixon

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Courtney L. Dixon*
COURTNEY L. DIXON